**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| AMCO INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| vs. ) | Case No. 6:25-cv-03303-MDH |
| ) | |
| AMERICAN FAMILY MUTUAL ) | |
| INSURANCE COMPANY, S.I., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

## ORDER

Before the Court is Plaintiff/Counterclaim Defendant AMCO Insurance Company's ("Plaintiff" or "AMCO") Motion for Summary Judgment. (Doc. 17). Plaintiff has filed Suggestions in Support (Doc. 18), Defendant/Counterclaim Plaintiff American Family Mutual Insurance Company, S.I. ("Defendant" or "American Family") has filed Suggestions in Opposition (Doc. 19), and Plaintiff has filed a reply. (Doc. 20). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case arises from a dispute regarding which insurance coverage is considered the primary coverage for injuries sustained from a fire at an apartment building in Springfield, Missouri. Plaintiff AMCO is an insurance company incorporated, organized, and existing under the laws of the State of Iowa with its principal place of business in the State of Iowa. Defendant American Family is an insurance company incorporated, organized, and existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin.

1

The Plaintiff issued to Lex Group, Inc. ("Lex") as named insured a commercial general liability insurance policy with effective dates of July 23, 2021, to July 23, 2022 (the "AMCO Policy"). The AMCO Policy provided bodily injury liability coverage with limits of $1,000,000 each occurrence and $2,000,000 general aggregate. The Defendant issued to Viking Apartments as named insured a commercial general liability insurance policy, with effective dates of June 1, 2022, to June 1, 2023 (the "American Family Policy"). C4 Partners were added to the policy as an additionally named insured. The American Family Policy provides general liability coverage with limits of $1,000,000 each occurrence and $2,000,000 general aggregate.

On August 25, 2023, Sarah Hampshire filed a lawsuit in the Circuit Court of Greene County, Missouri alleging injuries sustained during a fire that occurred on July 14, 2022, at an apartment building owned by C4 Partners and managed by Lex. Lex was C4 Partners' real estate manager with respect to the apartment building. In December 2023 or early-January 2024, the Defendant assumed the defense of both C4 Partners and Lex in the underlying state lawsuit. The Plaintiff alleges that it was not until February 5, 2025, that the Defendant provided Plaintiff notice of the fire or the underlying lawsuit. The Plaintiff further alleges that the Defendant has taken the position that the American Family Policy applies as excess over the AMCO Policy, as it concerns coverage for Lex with respect to the underlying state lawsuit.

Plaintiff's Complaint raises one count: Count I - Declaratory Judgment - Excess Coverage. The Plaintiff seeks a declaratory judgment by this Court declaring that American Family Policy affords primary coverage to Lex and that the Defendant has the primary obligation to defend and indemnify Lex in the underlying lawsuit. The Defendant filed a counterclaim asking this Court for a declaratory judgment that the AMCO Policy affords primary coverage to Lex in the underlying lawsuit, and declaring the American Family Policy provides only excess coverage to Lex.

Alternatively, the Defendant asks for a declaratory judgment that the American Family Policy and the AMCO Policy apply pro rata.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**ANALYSIS**

**I.      The AMCO and American Family Policies**

The Plaintiff argues that the American Family Policy's "other insurance" provision does not include an excess clause. Instead, the provision in the American Family Policy only contains a pro-rata clause, simply instructing that the Defendant will not be liable for a greater portion of any loss than the American Family Policy's limit bears to the whole insurance covering the peril involved. Thus, the Plaintiff argues that the American Family Policy affords primary coverage.

The Plaintiff further argues that the AMCO Policy, in contrast, contains an "other insurance" provision which instructs that coverage under the AMCO Policy is excess over any other primary insurance available to Lex covering liability for damages arising out of the premises or operations "for which [Lex] has been added as an additional insured." Plaintiff asserts Lex is not a named insured on the American Family Policy, but it qualifies as an "insured" under that Policy because it was added pursuant to the "Who Is An Insured" provision, insuring any person or entity acting as C4 Partner's real estate manager.

The Defendant argues that the AMCO Policy is not excess because Lex has not been added as an additional insured to the American Family Policy. The Defendant concedes that Lex was C4 Partners' Real Estate Manager when the fire occurred. However, the Defendant argues that this is not dispositive, because qualifying as an "insured" under a "Who Is An Insured" provision is not the same as being "added as an additional insured." In support, the Defendant argues that Lex's status as an "insured" under the American Family Policy is limited to its role as C4 Partners' real estate manager; it was never affirmatively "added as an additional insured" such as by endorsement, in a contract that requires Lex to be an "additional insured", or other specific designation. The Defendant argues that unless that condition is satisfied, Plaintiff retains its primary insurer obligations according to its policy's express terms.

The parties do not dispute the provisions of the policies as noted below. The AMCO Policy states:

**SECTION IV - COMMERICAL GENERAL LIABILITY CONDITIONS**

…

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

4

**a. Primary Insurance**

This insurance is primary except when Paragraph **b**. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c**. below.

**b.  Excess Insurance**

  **(1)** This insurance is excess over:

  …

  **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, *for which you have been added as an additional insured.*

  **(2)** When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

(Doc. 1-2, pages 23-24) (Emphasis added). The American Family Policy states in relevant part:

**SECTION II - LIABILITY**

**C. Who Is An Insured**

  **1.**   If you are designated in the Declarations as:

  **c.**   A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

  **2.**   Each of the following is also an insured:

  **b.**   Any person (other than your "employee" or "volunteer worker"), *or any organization while acting as your real estate manager*.

**SECTION III - COMMON POLICY CONDITIONS (APPLICABLE TO SECTION I - PROPERY AND SECTION II - LIABILITY)**

**H. Other Insurance**

We shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.

(Doc. 1-3, pages 5, 91-92) (Emphasis added).

Under Missouri law, "[i]nsurance policies are read as a whole." *BCC Partners, LLC v. Travelers Prop. Cas. Co. Of Am.*, 140 F.4th 465, 468 (8th Cir. 2025) (Citing *Dutton v. Am. Fam. Mut. Ins. Co.*, 454 S.W.3d 319, 324 (Mo. 2015)). A policy is interpreted according to "its plain meaning, or the meaning that would be attached by an ordinary purchaser of insurance," and "must be enforced as written when its language is clear and unambiguous." *Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245, 247 (Mo. 2019). "[W]e must endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant." *Axis Surplus Ins. Co. v. TriStar Cos., LLC*, 94 F.4th 767, 770 (8th Cir. 2024) (quoting *Dibben v. Shelter Ins. Co.*, 261 S.W.3d 553, 556 (Mo. Ct. App. 2008)).

Based upon the plain language of the respective policies, the American Family Policy insured Lex not by proper name but as the acting real estate manager. The American Family Policy explicitly states under the "Who Is An Insured" section "Any person (other than your 'employee' or 'volunteer worker'), or any organization while acting as your real estate manager. (Doc. 1-3, pages 91). Although the Defendant argues that Lex needed to be added as an insured for the AMCO Policy to be excess coverage, that goes against the very language of the document. The Defendant's Policy specifically designated "Who Is An Insured" to which Lex is an insured based upon his role as the real estate manager. Given the plain language, the Court finds that Lex was added as an additional insured by the terms of the American Family Policy and thus the AMCO Policy is excess by its own terms. Viewing the evidence in the light most favorable to the Defendant, the Court finds that the American Family Policy affords primary coverage to Lex, that American Family has the primary obligation to defend and indemnify Lex in the underlying state lawsuit and that the AMCO Policy applies as excess over the American Family Policy as to Lex. As there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter

6

of law, Plaintiff's Motion for Summary Judgment is **GRANTED**. Summary judgment is hereby entered in favor of the Plaintiff.

## II. Ambiguities in the AMCO Policy

The Defendant, in the alternative, asks the Court that any ambiguities in the AMCO Policy should be construed against the Plaintiff. The Court, having reviewed both policies above and finding that the plain terms of both policies dictate summary judgment in favor of Plaintiff, will decline to analyze the Defendant's arguments regarding ambiguities.

## III. American Family's Affirmative Defenses

The Plaintiff next seeks summary judgment on the Defendant's affirmative defenses arguing that they fail as a matter of law. However, as the Court has granted Plaintiff's Motion for Summary Judgment as discussed above, the Court will decline to further analyze the Plaintiff's arguments regarding the Defendant's affirmative defenses in this action.

**CONCLUSION**

For the foregoing reasons, the Court finds that the American Family Policy affords primary coverage to Lex, that American Family has the primary obligation to defend and indemnify Lex in the underlying state lawsuit and that the AMCO Policy applies as excess over the American Family Policy as to Lex. As there is no genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law, Plaintiff's Motion for Summary Judgment is **GRANTED**. Summary judgment is hereby entered in favor of the Plaintiff.

**IT IS SO ORDERED**.

DATED: May 26, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**